**CAUSE NO. 20-DCV-275212**

| | | |
|---|---|---|
| SHAUN LEE JR., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FORT BEND COUNTY, | § | 434th JUDICIAL DISTRICT COURT |
| FORT BEND PRECINCT THREE | § | |
| CONSTABLE WAYNE K. THOMPSON, | § | |
| AND DEPUTY JORDAN REYES, | § | |
| Defendant. | § | FORT BEND COUNTY, TEXAS |

**<u>EXHIBIT A</u>**

**SERVICE FEE COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:  **CONSTABLE WAYNE THOMPSON
22333 GRAND CORNER DRIVE SUITE 103
KATY TX  77494**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF"S ORIGINAL PETITION** filed on **JULY 24, 2020,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-275212**  and is styled:

**SHAUN LEE JR. V. FORT BEND COUNTY, FORT BEND PRECINCT THREE CONSTABLE WAYNE K. THOMPSON, AND DEPUTY JORDAN REYES**

The name and address of the attorney for **PLAINTIFF** is:

**U A LEWIS
THE LEWIS GROUP LAW GROUP
P O BOX 27353
HOUSTON TX  77227
713-570-6555**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF"S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 5th day of October, 2020.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas77469

By: _Erica Rodriguez_
Deputy District Clerk ERICA RODRIGUEZ
Telephone: (281) 633-7612



Electronic Certified Copy

20-DCV-275212                    434th Judicial District Court
Shaun Lee Jr. v. Fort Bend County, Fort Bend Precinct Three Constable Wayne K. Thompson, and Deputy Jordan Reyes

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **24th day of July, 2020** at **11:23 PM** o'clock and executed at **22333 GRAND CORNER DRIVE SUITE 103  KATY TX  77494,** on the **October 05, 2020**, by delivering to the within named **WAYNE THOMPSON** by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee………  **$8.00 Issuance + $80.00 Service = $88.00**

**CMRRR# 9414 7266 9904 2162 3279 14**

**FILED**
**OCTOBER 05, 2020**
**AT 2:31 PM**

*Beverley McGrew Walker*
**CLERK DISTRICT COURT, FORT BEND CO., TX**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: *Erica Rodriguez*

Deputy District Clerk  Erica Rodriguez

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
                        (First, Middle, Last)

_____, and my address is _____
                                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____.

on the _____ day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation (By Certified Mail) issued to Wayne Thompson on 10/5/2020.

### Electronic Certified Copy



**SERVICE FEE COLLECTED
BY DISTRICT CLERK**

### THE STATE OF TEXAS

### CITATION

TO:   **CONSTABLE WAYNE THOMPSON
22333 GRAND CORNER DRIVE SUITE 103
KATY TX  77494**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF"S ORIGINAL PETITION** filed on **JULY 24, 2020,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-275212**  and is styled:

**SHAUN LEE JR. V. FORT BEND COUNTY, FORT BEND PRECINCT THREE CONSTABLE WAYNE K. THOMPSON, AND DEPUTY JORDAN REYES**

The name and address of the attorney for **PLAINTIFF** is:

**U A LEWIS
THE LEWIS GROUP LAW GROUP
P O BOX 27353
HOUSTON TX  77227
713-570-6555**

The nature of the demands of said  **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF"S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 5th day of October, 2020.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
<u>Physical Address:</u>
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
<u>Mailing Address:</u>
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Erica Rodriguez_
Deputy District Clerk ERICA RODRIGUEZ
Telephone: (281) 633-7612



Electronic Certified Copy

20-DCV-275212                    434th Judicial District Court
Shaun Lee Jr. v. Fort Bend County, Fort Bend Precinct Three Constable Wayne K. Thompson, and Deputy Jordan Reyes

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _____ at _____ o'clock and executed _____

_____, on the _____, by delivering to the within named _____

_____ by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this

citation together with the accompanying copy of the petition were attached thereto.

Fee……… **$** _____

**CMRRR#** _____

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
    Deputy District Clerk

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
              (First, Middle, Last)

_____, and my address is _____
                                               (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the _____ day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

I, BEVERLEY MCGREW WALKER,  District Clerk of Fort  Bend County, Texas, do hereby certify that  the foregoing is a true, correct and  full  copy of the instrument herein set  out  as appears  of record in the District Court  of Fort Bend  County, Texas.

This  6  day of  November  20 20

BEVERLEY MCGREW WALKER

By  Erica Rodriguez  Deputy
    Erica Rodriguez

## SERVICE

Citation (By Certified Mail) issued to Wayne Thompson on 10/5/2020.

**Electronic Certified Copy**



**SERVICE FEE COLLECTED BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:   **FORT BEND COUNTY PRECINCT THREE**
      **C/O CONSTABLE WAYNE THOMPSON**
      **22333 GRAND CORNER DRIVE SUITE 103**
      **KATY TX  77494**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF"S ORIGINAL PETITION** filed on **JULY 24, 2020,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-275212**  and is styled:

**SHAUN LEE JR. V. FORT BEND COUNTY, FORT BEND PRECINCT THREE CONSTABLE WAYNE K. THOMPSON, AND DEPUTY JORDAN REYES**

The name and address of the attorney for **PLAINTIFF** is:

**U A LEWIS**
**THE LEWIS GROUP LAW GROUP**
**P O BOX 27353**
**HOUSTON TX  77227**
**713-570-6555**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF"S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 5th day of October, 2020.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas77469

By: _Erica Rodriguez_
Deputy District Clerk ERICA RODRIGUEZ
Telephone: (281) 633-7612



**Electronic Certified Copy**

**SERVICE FEE COLLECTED**
**BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:   FORT BEND COUNTY
      REGISTERED AGENT KP GEORGE
      401 JACKSON STREET
      RICHMOND TX  77469

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF"S ORIGINAL PETITION** filed on **JULY 24, 2020,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-275212**  and is styled:

**SHAUN LEE JR. V. FORT BEND COUNTY, FORT BEND PRECINCT THREE CONSTABLE WAYNE K. THOMPSON, AND DEPUTY JORDAN REYES**

The name and address of the attorney for **PLAINTIFF** is:

**U A LEWIS**
**THE LEWIS GROUP LAW GROUP**
**P O BOX 27353**
**HOUSTON TX  77227**
**713-570-6555**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF"S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 5th day of October, 2020.**

                          **DISTRICT CLERK BEVERLEY MCGREW WALKER**
                          **FORT BEND COUNTY, TEXAS**
                          Physical Address:
                          1422 Eugene Heimann Circle, Room 31004
                          Richmond, Texas 77469
                          Mailing Address:
                          301 Jackson Street, Room 101
                          Richmond, Texas77469

                          By: *Erica Rodriguez*
                          Deputy District Clerk ERICA RODRIGUEZ
                          Telephone: (281) 633-7612



Electronic Certified Copy

20-DCV-275212                434th Judicial District Court
Shaun Lee Jr. v. Fort Bend County, Fort Bend Precinct Three Constable Wayne K. Thompson, and Deputy Jordan Reyes

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **24th day of July, 2020** at **11:23 PM** o'clock and executed at **REGISTERED AGENT COUNTY JUDGE KP GEORGE  401 JACKSON STREET  RICHMOND TX  77469**, on the **October 05, 2020**, by delivering to the within named **FORT BEND COUNTY** by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee……… **$8.00 Issuance + $80.00 Service = $88.00**

**CMRRR# CMRRR 9414 7266 9904 2162 3279 52**

**FILED**
**OCTOBER 05, 2020**
**AT 2:16 PM**
*Beverley McGrew Walker*
**CLERK DISTRICT COURT, FORT BEND CO., TX**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: *Erica Rodriguez*
Deputy District Clerk  Erica Rodriguez

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
                    (First, Middle, Last)

_____, and my address is _____
                                                                (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____.

on the _____day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation (By Certified Mail) issued to Fort Bend County on 10/5/2020.

## Electronic Certified Copy



**SERVICE FEE COLLECTED**
**BY DISTRICT CLERK**

THE STATE OF TEXAS

CITATION

TO:   FORT BEND COUNTY
      REGISTERED AGENT KP GEORGE
      401 JACKSON STREET
      RICHMOND TX  77469

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF"S ORIGINAL PETITION** filed on **JULY 24, 2020,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-275212**  and is styled:

**SHAUN LEE JR. V. FORT BEND COUNTY, FORT BEND PRECINCT THREE CONSTABLE WAYNE K. THOMPSON, AND DEPUTY JORDAN REYES**

The name and address of the attorney for **PLAINTIFF** is:

**U A LEWIS**
**THE LEWIS GROUP LAW GROUP**
**P O BOX 27353**
**HOUSTON TX  77227**
**713-570-6555**

The nature of the demands of said  **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF"S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 5th day of October, 2020.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: *Erica Rodriguez*
Deputy District Clerk ERICA RODRIGUEZ
Telephone: (281) 633-7612



20-DCV-275212                    434th Judicial District Court
Shaun Lee Jr. v. Fort Bend County, Fort Bend Precinct Three Constable Wayne K. Thompson, and Deputy Jordan Reyes

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _____ at _____ o'clock and executed _____

_____, on the _____, by delivering to the within named _____

_____ by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this

citation together with the accompanying copy of the petition were attached thereto.

Fee……… **$** _____

**CMRRR#** _____

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
         Deputy District Clerk

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
                      (First, Middle, Last)

_____, and my address is _____
                                                                            (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the _____ day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This  6  day of   November    20 20

BEVERLEY MCGREW WALKER

By  Erica Rodriguez  Deputy
      Erica Rodriguez

## SERVICE

Citation (By Certified Mail) issued to Fort Bend County on 10/5/2020.

Electronic Certified Copy

20-DCV-275212                        434th Judicial District Court
Shaun Lee Jr. v. Fort Bend County, Fort Bend Precinct Three Constable Wayne K. Thompson, and Deputy Jordan Reyes

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the **24th day of July, 2020** at **11:23 PM** o'clock and executed at **22333 GRAND CORNER DRIVE SUITE 103 KATY TX 77494,** on the **October 05, 2020,** by delivering to the within named **FORT BEND COUNTY PRECINCT THREE, CONSTABLE WAYNE THOMPSON** by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee……… **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2162 3279 69

**FILED**
**OCTOBER 05, 2020**
**AT 2:20 PM**
*Beverley McGrew Walker*
**CLERK DISTRICT COURT, FORT BEND CO., TX**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: *Erica Rodriguez*
Deputy District Clerk  Erica Rodriguez

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
                    (First, Middle, Last)

_____, and my address is _____
                                                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____.

on the _____ day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation (By Certified Mail) issued to Fort Bend County Precinct Three, Constable Wayne Thompson on 10/5/2020.

**Electronic Certified Copy**



**SERVICE FEE COLLECTED**
**BY DISTRICT CLERK**

THE STATE OF TEXAS

CITATION

TO:   FORT BEND COUNTY PRECINCT THREE
      C/O CONSTABLE WAYNE THOMPSON
      22333 GRAND CORNER DRIVE SUITE 103
      KATY TX  77494

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF"S ORIGINAL PETITION** filed on **JULY 24, 2020,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-275212**  and is styled:

**SHAUN LEE JR. V. FORT BEND COUNTY, FORT BEND PRECINCT THREE CONSTABLE WAYNE K. THOMPSON, AND DEPUTY JORDAN REYES**

The name and address of the attorney for **PLAINTIFF** is:

**U A LEWIS**
**THE LEWIS GROUP LAW GROUP**
**P O BOX 27353**
**HOUSTON TX  77227**
**713-570-6555**

The nature of the demands of said  **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF"S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 5th day of October, 2020.**

                    **DISTRICT CLERK BEVERLEY MCGREW WALKER**
                    **FORT BEND COUNTY, TEXAS**
                    Physical Address:
                    1422 Eugene Heimann Circle, Room 31004
                    Richmond, Texas 77469
                    Mailing Address:
                    301 Jackson Street, Room 101
                    Richmond, Texas 77469

            By:   *Erica Rodriguez*
                  Deputy District Clerk ERICA RODRIGUEZ
                  Telephone: (281) 633-7612



**SERVICE**
Electronic Certified Copy

20-DCV-275212                    434th Judicial District Court
Shaun Lee Jr. v. Fort Bend County, Fort Bend Precinct Three Constable Wayne K. Thompson, and Deputy Jordan Reyes

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _____ at _____ o'clock and executed _____

_____ , on the _____ , by delivering to the within named _____

_____ by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this

citation together with the accompanying copy of the petition were attached thereto.

Fee......... $ _____

CMRRR# _____

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
      Deputy District Clerk

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____ , my date of birth is _____
              (First, Middle, Last)

_____ , and my address is _____
                                                     (Street, City, Zip)

_____ ."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____ ,

on the _____ day of _____ .

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This 6 day of November 20 20

BEVERLEY MCGREW WALKER
By Erica Rodriguez Deputy
Erica Rodriguez

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

### SERVICE

Citation (By Certified Mail) issued to Fort Bend County Precinct Three, Constable Wayne Thompson on 10/5/2020.

Electronic Certified Copy



I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This __6__ day of _____November_____ 20 _20_



BEVERLEY MCGREW WALKER

By___Erica Rodriguez___ Deputy
         Erica Rodriguez

Walz Certified Mailer™ form #45663
Version E0719

Used with WCM Plus™ software



Reorder forms online at:
# www.walzpostal.com

or contact WALZ at:
Email: sales@walzpostal.com
Toll Free: (800) 381-3811

**Electronic Certified Copy**

For a better, faster and easier way!



# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

## USPS® ARTICLE NUMBER

9414 7266 9904 2162 3279 14

| | |
|---|---|
| Certified Mail Fee | $ 3.55 |
| Return Receipt (Hardcopy) | $ 2.88 |
| Return Receipt (Electronic) | $ |
| Certified Mail Restricted Delivery | $ |
| Postage | $ 1.60 |
| Total Postage and Fees | $ 8.00 |

RICHMOND
OCT 2020
**Postmark Here**
USPS

Sent to: **CONSTABLE WAYNE THOMPSON**
**22333 GRAND CORNER DRIVE SUITE 103**
**KATY, TX 77494**

FILED
2020 OCT -7 PM 2:02
Beverly McGrew Walker
CLERK DISTRICT COURT
FORT BEND CO., TX
Silvia Guevara

## Reference Information

DC/434TH/ER

20-DCV-275212

Electronic Certified Copy

DISTRICT COURT OF FORT BEND COUNTY TEXAS

S Form 3800, Facsimile July 2015



Walz Certified Mailer™ form #45663
Version E0719

Used with WCM Plus™ software

**20 – DCV – 275212**
**ISSU**
**Issuance**
**6196127**
**5**

Reorder forms online at:

# www.walzpostal.com

or contact WALZ at:
Email: sales@walzpostal.com
Toll Free: (800) 381-3811

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This 6 day of November 20 20

BEVERLEY MCGREW WALKER

By Erica Rodriguez Deputy
Erica Rodriguez

**Electronic Certified Copy**

# For a better, faster and easier way!

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

## USPS® ARTICLE NUMBER

9414 7266 9904 2162 3279 52

| | | |
|---|---|---|
| ertified Mail Fee | $ 3.55 | |
| eturn Receipt (Hardcopy) | $ | |
| eturn Receipt (Electronic) | $ | **Postmark Here** |
| ertified Mail Restricted Delivery | $ | |
| ostage | $1.60 | |
| otal Postage and Fees | $5.15 | |

Sent to: **FORT BEND COUNTY**
**C/O KP GEORGE**
**401 JACKSON STREET**
**RICHMOND, TX 77469**

## Reference Information

DC/434TH/ER

20-DCV-275212

FILED 20 OCT -7 PM 2:03

CLERK DISTRICT COURT
FORT BEND CO. TX

Olivia Guevara

Electronic Certified Copy

S Form 3800, Facsimile, July 2015



# WALZ
## Certified Mail Automation

Walz Certified Mailer™ form #45663

Version E0719

Used with WCM Plus™ software

**20 – DCV – 275212**
**ISSU**
**6196131**
**Issuance**
**6**

Reorder forms online at:

# www.walzpostal.com

or contact WALZ at:

Email: sales@walzpostal.com

Toll Free: (800) 381-3811

I, BEVERLEY MCGREW WALKER,  District Clerk of Fort Bend County, Texas, do  hereby certify that  the foregoing is  a  true,  correct  and  full  copy  of  the instrument herein  set  out  as  appears  of record  in the  District Court  of  Fort Bend  County, Texas.
This ___6___ day of _____November_____ 20 _20_



BEVERLEY MCGREW WALKER
By __Erica Rodriguez__ Deputy
Erica Rodriguez

**Electronic Certified Copy**

# For a better, faster and easier way!

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

## USPS® ARTICLE NUMBER

9414 7266 9904 2162 3279 69

| | |
|---|---|
| Certified Mail Fee | $ 3.55 |
| Return Receipt (Hardcopy) | $ 2.85 |
| Return Receipt (Electronic) | $ |
| Certified Mail Restricted Delivery | $ |
| Postage | $ 1.60 |
| Total Postage and Fees | $ 8.00 |

Postmark Here

Sent to: FORT BEND COUNTY PRECINCT THREE
C/O CONSTABLE WAYNE THOMPSON
22333 GRAND CORNER DRIVE SUITE 103
KATY, TX 77494

### Reference Information

DC/434TH/ER
20-DCV-275212

FILED 2020 OCT -7 2:03

Silvia Guevara
CLERK DISTRICT COURT
FORT BEND CO. TX

Electronic Certified Copy



S Form 3800, Facsimile, July 2015

USPS TRACKING #

NORTH HOUSTON TX 773

8 OCT 2020 PM 4 L

9590 9266 9904 2162 3279 17

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**®



20 – DCV – 275212
ISSU
Issuance
6196160
7

• Sender: Please print your name, address and ZIP+4® below •

**BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY DISTRICT CLERK**
**301 JACKSON**
**RICHMOND TX 77469-3108**

**Electronic Certified Copy**





Return Receipt (Form 3811) Barcode

COMPLETE THIS SECTION ON DELIVERY

9590 9266 9904 2162 3279 17

A. Signature
X CON THOMPSON
☐ Agent
☐ Addressee

B. Received by (Printed Name)
JC  9418  C19

C. Date of Delivery
10/8/20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

FILED

OCT 12 2020

AT  11:13 AM

Article Addressed to:

CONSTABLE WAYNE THOMPSON
22333 GRAND CORNER DRIVE SUITE 103
KATY, TX 77494

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

20-DCV-275212

DC/434TH/ER

Certified Mail (Form 3800) Article Number
9414 7266 9904 2162 3279 14

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This 6 day of November 20 20

BEVERLEY MCGREW WALKER

By Erica Rodriguez Deputy
Erica Rodriguez

Electronic Certified Copy

## USPS TRACKING #



9590 9266 9904 2162 3279 55

**United States Postal Service®**

• Sender: Please print your name, address and ZIP+4® below •

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY DISTRICT CLERK**
**301 JACKSON**
**RICHMOND TX 77469-3108**

20 – DCV – 275212
ISSU          5
Issuance
6196136



Electronic Certified Copy





Return Receipt (Form 3811) Barcode

9590 9266 9904 2162 3279 55

Article Addressed to:

FORT BEND COUNTY
C/O KP GEORGE
401 JACKSON STREET
RICHMOND, TX 77469

Certified Mail (Form 3800) Article Number

9414 7266 9904 2162 3279 52

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

OCT - 8 2020

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

FILED

OCT - 8 2020

AT 10:40 A.M.

3. Service Type:
☒ Certified Mail   DISTRICT COURT, FORT BEND CO., TX
☐ Certified Mail Restricted Delivery

Reference Information

20-DCV-275212

DC/434TH/ER

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This 6 day of November 20 20

BEVERLEY MCGREW WALKER

By Erica Rodriguez Deputy
Erica Rodriguez

Electronic Certified Copy



USPS TRACKING #

NORTH HOUSTON TX 773

8 OCT 2020 PM 12 L

9590 9266 9904 2162 3279 62

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service®**

20 – DCV – 275212
ISSU
Issuance
6196139

6

● Sender: Please print your name, address and ZIP+4® below ●

**BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY DISTRICT CLERK**
**301 JACKSON**
**RICHMOND TX 77469-3108**

**Electronic Certified Copy**





Return Receipt (Form 3811) Barcode

COMPLETE THIS SECTION ON DELIVERY

9590 9266 9904 2162 3279 62

A. Signature
X  CON. THOMPSON
   WARREN BAKER
   ☐ Agent
   ☐ Addresse

B. Received by (Printed Name)
JC  9418  C19

C. Date of Delivery
10/8/20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

FILED
OCT 1 2 2020

Article Addressed to:

FORT BEND COUNTY PRECINT THREE
C/O CONSTABLE WAYNE THOMPSON
22333 GRAND CORNER DRIVE SUITE 103
KATY, TX 77494

3. Service Type:  11:12 A.M.
☒ Certified Mail
☐ Certified Mail Restricted Delivery

CLERK DISTRICT COURT  ND CO., TX

Reference Information

20-DCV-275212

DC/434TH/ER

Certified Mail (Form 3800) Article Number

9414 7266 9904 2162 3279 69

I, BEVERLEY MCGREW WALKER,  District Clerk of Fort  Bend County, Texas, do  hereby certify  that  the  foregoing is  a true,  correct  and  full  copy  of the  instrument herein  set  out  as appears  of record in the  District Court  of  Fort Bend  County, Texas.

This  6  day of  November  20 20

BEVERLEY MCGREW WALKER

By  Erica Rodriguez  Deputy
   Erica Rodriguez

Electronic Certified Copy

Filed
7/24/2020 10:33 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Justyce Turner

CASE NO. **20-DCV-275212**

| | | |
|---|---|---|
| SHAUN LEE JR.,<br>PLAINTIFF, | § <br> § <br> § | **IN DISTRICT COURT OF** |
| V. | § <br> § | Fort Bend County - 434th Judicial District Court<br>**_____JUDICIAL DISTRICT** |
| FORT BEND COUNTY,<br>FORT BEND PRECINCT THREE<br>CONSTABLE WAYNE K.<br>THOMPSON, AND<br>DEPUTY JORDAN REYES,<br>DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § | **FORT BEND COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Shaun Lee Jr. ("Plaintiff" or "Shaun"), files this Original Petition against

Defendants, Fort Bend County, Fort Bend Precinct Three Constable Wayne K. Thompson

("Constable Thompson"), and Deputy Jordan Reyes ("Reyes") (collectively,

"Defendants"), and in support thereof show as follows:

### I. INTRODUCTION

1.　　On April 5, 2019, Shaun Lee Jr. a resident of Fort Bend County was stopped by a

Fort Bend County Precinct three deputy while traveling from work.

2.　　The stop effectuated by Reyes quickly turned into an assault on Shaun.

3.　　Shaun was ordered to exit his vehicle to which he complied. Shaun was then

placed in a chokehold and violently slammed to the floor by Reyes as they stood outside.

Electronic Certified Copy



4.      While on the floor, Reyes continued to apply the chokehold to Shaun.

5.      Reyes then stood up and deployed his taser, the prongs striking Shaun's body.

6.      He was tasered at least one additional time during the assault by Reyes.

7.      He never resisted arrest nor did he disobey any commands of Reyes.

## II. DISCOVERY CONTROL PLAN

8.      Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under a Level 2 discovery plan.

## III. PARTIES

9.      Plaintiff, Shaun Lee Jr., is an individual residing in Fort Bend County, Texas.

10.      Defendant, Fort Bend County, is a municipality located in Texas. It may be served with citation through the county judge, KP George, located at 401 Jackson Street, Richmond, TX 77469.

11.      Defendant, Constable Wayne Thompson, is an individual who may be served with a citation at 22333 Grand Corner Drive, Suite 103, Katy, Texas 77494.

12.      Defendant, Deputy Jordan Reyes, is an individual residing in Fort Bend County, Texas, who may be served with citation wherever he is located.

13.      Defendant, Fort Bend County Precinct Three, Constable Wayne Thompson, in his official capacity, 22333 Grand Corner Drive, Suite 103, Katy, TX 77494.

Electronic Certified Copy


## IV. JURISDICTION AND VENUE

14.     Jurisdiction is proper in this Court because the damages sought by Plaintiff exceed this Court's minimal jurisdictional limits, and the parties to this lawsuit are all subject to jurisdiction in the State of Texas. *See* Tex. R. Civ. P. 47(b). This Court has jurisdiction over Constable Wayne Thompson and Jordan Reyes because they are citizens of the State of Texas and they engaged in a concerted wrongful activity which is the subject of this lawsuit. Further, Fort Bend County does business in the State of Texas and is therefore subject to the jurisdiction of the State of Texas. Plaintiff seeks monetary relief up to $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, plus all other relief to which Plaintiff deems himself entitled. *See* Tex. R. Civ. P. 47(c), (d).

15.     The venue is proper in Fort Bend County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Fort Bend County. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## V. FACTUAL BACKGROUND

***Deputy Reyes's Excessive Use of Force and Illegal Arrest of Mr. Lee***

16.     This suit arises from the excessive use of force and wrongful arrest by Reyes against Shaun.

17.     On April 5, 2019, Shaun was driving home from work and came to a stop at a red light at South Peek and Farm to Market 1093 (FM 1093) located in Fort Bend Cou

Shaun turned right onto FM 1093.

18.     While traveling down FM 1093, Reyes activated his police sirens to effectuate a traffic stop against Shaun for an alleged minor traffic violation.

19.     Shaun did not commit any traffic violations warranting a traffic stop.

20.     Nevertheless, Shaun immediately pulled over at the intersection of FM 1093 and Grand Corner Drive.

21.     There were no passengers in Shaun's car, and there were no other officers present when Reyes stopped Shaun.

22.     As instructed, Shaun provided Reyes with his license and registration.

23.     During the traffic stop, Reyes suddenly became agitated as he was questioning Shaun.

24.     Shaun's responses did not yield any useful information that Reyes could use to effectuate an arrest, causing him to treat Shaun in an aggressive manner.

25.     Reyes shouted at Shaun and ordered him to step out of his car for no apparent reason.

26.     Despite this order, Shaun was not accused or suspected of a crime.

27.     Shaun feared for his life and exited the car.

28.     Once Shaun got out of his car, he faced towards his car with his back turned to Reyes.

29.     Shaun also placed his hands in the air. Suddenly, Reyes told Shaun that he was

under arrest without explaining why he was arresting him.

30.     While complying and not resisting, Shaun held his hands in the air, turned his neck towards Reyes, and asked him why he was being arrested.

31.     Without provocation, Reyes viciously slammed Shaun to the ground and placed him in a chokehold.

32.     Shaun pleaded for his life and told Reyes that he could not breathe.

33.     Shaun was not resisting and obeyed all of Reyes's orders.

34.     Reyes then released Shaun from the chokehold, took a step a few feet away from him, and deployed his taser gun at him.

35.     The prongs of the taser gun struck Shaun in his arms, legs, and chest.

36.     While Shaun was on the ground, Reyes then deployed the taser gun at least one additional time.

37.     Specifically, he approached Shuan closely while he was on the ground and struck him in his back with the stun gun portion of the conductive electrical device.

38.     After shooting Shaun with a taser, Reyes then approached Shaun while he was handcuffed and yanked the taser prongs out of Shaun's body causing him more pain and bleeding.

39.     Reyes's use of force to effectuate a wrongful arrest of Shaun was excessive and unnecessary because Shaun complied with his commands, never resisted arrest, and never attempted to evade arrest.

Electronic Certified Copy



40.     On and prior to the occasion described above, Shaun had not committed any criminal offense.

41.     Reyes's arrest of Shaun was completely unlawful and without reason or authority, in that Reyes did not have probable cause to arrest Shaun, and Reyes's warrantless arrest was not justified under Texas law.

42.     Reyes transported Shaun to the Fort Bend County Jail for the felony charge of assault on a peace officer.

43.     Twenty-four hours later, the Fort Bend District Attorney's Office rejected the assault-on-a-peace-officer charge and declined to prosecute Shaun "in the interest of justice."

44.     Moreover, Constable Thompson promoted, adopted, and promulgated a policy or custom of allowing its deputies, including Reyes, to utilize excessive force (by slamming them to the ground, employing chokeholds, and deploying taser guns) during arrests.

45.     Constable Thompson promoted, adopted, and promulgated a policy or custom of allowing its deputies, including Reyes, to submit false statements in arrest reports, due to his failure to supervise his deputies.

46.     Upon release from the Fort Bend County Jail, Shaun presented to the emergency room to be treated for injuries sustained during the illegal arrest.

47.     As a result of Reyes's wrongful, unlawful, and malicious arrest and false imprisonment, Shaun has experienced undue humiliation, shame, embarrassment and

fright, all to his damage in an amount within the jurisdiction of the court.

48.     Shaun did not pose a threat to Reyes. Nor did he carry any weapons on his person

or in his car or do anything the use of excessive force by Reyes.

### *Deputy Reyes's History of False Arrests*

49.     Reyes has had a long history of making false arrests based on untruthful

statements in police reports within his three years of working for Fort Bend Precinct

Three, including the wrongful arrest that forms the basis of Shaun's claims.

50.     His pattern of false and untruthful statements resulted in the many criminal cases

that he was involved in being reviewed for misconduct by the Fort Bend County's

District Attorney's office.

## VI. CAUSES OF ACTION

### *42 U.S.C. § 1983, 4th &14th Amendment - Excessive Force*

51.     Plaintiff incorporates by reference all preceding paragraphs contained herein.

52.     At all times relevant hereto, all of Shaun's inalienable and fundamental liberty

interests were protected by the Constitution. Shaun had the constitutional right to be free

from excessive force by Reyes.

53.     Reyes violated Shaun's right to be free from excessive force by slamming him into

the ground, placing him in a chokehold, and deploying the taser at least twice.

54.     Upon deployment, the taser shot four to six fishhook-like barbs attached to wires



Electronic Certified Copy

that entered Shaun's body in various areas in his chest, arms, legs, and back. Upon Shaun's arrest, Reyes yanked the metal hook barbs out of Shaun's skin and left the area to bleed.

55.    Shaun received no medical care upon his entry into the jail, he was given some unknown shot by medical.

56.    Constable Thompson is the relevant policymaker for Fort Bend County and Fort Bend Precinct Three.

57.    Constable Thompson promoted, adopted, and promulgated a policy or custom of allowing his deputies, including Reyes, to utilize excessive force (by slamming them to the ground, employing chokeholds, and deploying taser guns) during arrests.

58.    Constable Thompson promoted, adopted, and promulgated a policy or custom of allowing its deputies, including Reyes, to submit false statements in arrest reports.

59.    Constable Thompson violated Shaun's right to be free from the excessive force because he promoted, adopted, and promulgated a policy or custom of allowing Reyes to utilize excessive force against Shaun when during the wrongful arrest and submit false statements in the police report.

60.    Fort Bend County, Constable Thompson and Reyes deliberately or recklessly violated Shaun's civil rights under the color of law through excessive force against Shaun when he was slammed to the ground, placed in a chokehold, and later struck with a taser multiple times.

61.     Constable Thompson did not do anything to train or otherwise correct Reyes's behavior.

62.     In fact, Constable Thompson supported Reyes and believed Reyes did not violate the constitution or any other laws when he arrested Shaun Lee for assault of a public servant after he was allegedly scratched by Shaun while he choked Shaun.

63.     Constable Thompson believes that Reyes acted appropriately, and within policy when Reyes arrested, choked, and tasered Shaun.

64.     As such, Constable Thompson ratified Reyes' misconduct as policies, practices, customs, and procedures by Fort Bend County and Fort Bend Precinct Three.

65.     As a matter of custom, policy, or practice, Fort Bend County and Fort Bend Precinct  Three Constable Thompson facilitated the type of misconduct at issue by failing to adequately investigate, reprimand, train, and discipline instances of misconduct, leading the deputies to believe that their misconduct will never be meaningfully investigated and that they can mistreat the public without fear of any consequences.

66.     Shaun sustained injuries from Reyes's unreasonable conduct due to  Fort Bend County and Constable Thompson Fort Bend Precinct Three's customs, policies, and practices.

67.     Reyes's misconduct was objectively unreasonable and undertaken with willfulness and reckless indifference to the lives of others, including Shaun's.



Electronic Certified Copy

***Deputy Reyes's unreasonable use of force***

68.    Plaintiff incorporates by reference all preceding paragraphs contained herein.

69.    Reyes violated Shaun's Fourth Amendment right to be free from the use of excessive force.

70.    Reyes deliberately or recklessly violated Shaun's constitutional rights under the color of law through excessive force when he viciously slammed Shaun to the ground, unnecessarily placed him in a chokehold, and excessively struck him with a taser gun multiple times.

71.    Reyes violated clearly established constitutional rights and his conduct was objectively unreasonable in light of clearly established law at the time of the relevant incident.

72.    Reyes, acting under the color of law, deprived Shaun of his civil rights, despite Reyes's knowledge that Shaun complied with all commands and did not resist or evade arrest whatsoever.

***False Imprisonment***

73.    Plaintiff incorporates by reference all preceding paragraphs contained herein.

74.    Reyes willfully detained Shaun when he pulled him over for an alleged minor traffic violation, told him that he was being arrested when he exited from his car at Reyes's request.

75.    Reyes directly restrained Shaun from his physical liberty without adequate l



Electronic Certified Copy

justification. Indeed, Reyes did not tell Shaun why he stopped his car or why he arrested him.

76.    Although he did not resist arrest or evade arrest, Shaun did not consent to the wrongful arrest, body slam, chokehold, or use of a taser gun on him a number of times.

77.    Reyes acted unlawfully and without the authority of law when he wrongfully arrested Shaun, slammed his body to the ground, employed a chokehold, and used a taser gun on him multiple times.

### *Wrongful Arrest & Malicious Prosecution*

78.    Plaintiff incorporates by reference all preceding paragraphs contained herein.

79.    Reyes provided false information to the Fort Bend County Attorney's Office for the purposes of charging and prosecuting Shaun.

80.    Reyes falsely alleged to the Fort Bend District Attorney's Office that Shaun assaulted a peace officer during the arrest. Reyes's acts (i.e., using excessive force and furnishing falsified statements to the government) constitute malice, in that he acted with a specific intent to cause substantial injury (to Shaun's body) or harm (to Shaun's record and reputation).

81.    By providing these false statements to the Fort Bend District Attorney's Office, Reyes initiated criminal charges against Shaun without probable cause. This resulted in a violation of Shaun's constitutional rights under the Fourth Amendment and Fourteenth



Amendment, specifically those related to improper and malicious prosecution, wrongful initiation of legal process (criminal prosecution), and the right to due process.

### *Failure to train or supervise*

82.     Plaintiff incorporates by reference all preceding paragraphs contained herein.

83.     At all times relevant hereto, all of Shaun's inalienable and fundamental liberty interests were protected by the Constitution.

84.     Constable Thompson violated Shaun's constitutional rights by failing to train or supervise Reyes and upholding his actions with deliberate indifference while he violated Shaun's rights.

85.     Reyes's body slammed and applied a chokehold to Shaun.

86.     Reyes also tasered Shaun several times although he never resisted arrest or posed a threat to him.

87.     Fort Bend County and Fort Bend Precinct Three Constable Thompson failed to train or supervise Reyes in the use and application of a chokehold, along with de-escalation techniques.

88.     Additional training or supervision by Fort Bend County and Fort Bend Precinct Three Constable Thompson would have prevented Shaun's damages and injuries.

### *Denial of Medical Care*

89.     Upon intake, at the Fort Bend County Jail Shaun was bleeding all over his body because of the taser barbs being snatched out of his skin by Reyes. Despite presenting to

the jail bloody from the actions of Reyes, Fort Bend's medical department failed to provide Shaun with any medical care, they did not even provide him with alcohol or band-aids to help avoid infection of the wounds.

### VII. DAMAGES

90.    Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of his causes of action. Plaintiff requests damages within the jurisdictional limits of the Court including:

      a.  Physical pain and mental anguish;
      b.  Disfigurement;
      c.  Physical impairment;
      d.  Out-of-pocket economic losses;
      e.  Exemplary/punitive damages, against individual defendants;
      f.  Other expenses related to the wrongful arrest and/or prosecution of Shaun;
      g.  Plaintiff's reasonable and necessary attorneys' fees;
      h.  Costs of court;
      i.  Pre-judgment and post-judgment interest at the highest rates allowable by law;
      j.  Injunctive relief against Defendants barring the use of chokeholds altogether and barring the use of body slams and taser guns in non-threatening situations; and
      k.  For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself entitled.

91.    The damages sustained by Plaintiff were proximately caused by Defendants as set forth herein.

92.    Plaintiff respectfully requests the Court and jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future.

93.    There are certain elements of damages provided by law that the Plaintiff is enti

**Electronic Certified Copy**

to have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate the Plaintiff.

## VIII. ATTORNEYS' FEES

94.     After prevailing herein, Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs to enforce his constitutional rights under 42 U.S.C. §§ 1983 and 1988 from Defendants.

## IX. REQUEST FOR DISCLOSURE

95.     Under Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in all of Texas Rule of Civil Procedure 194.2 (a)-(1).

## X. JURY DEMAND

96.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and demands a trial by jury.

## XI. PRAYER

Plaintiff prays for a judgment against Defendants for all damages expressly outlined in the section entitled "Damages" herein, including actual damages shown and proven at trial, for non-economic damages, mental anguish damages, for prejudgment and post-judgment interest, for injunctive relief, for costs of court, and for all other relief, legal and equitable, to which he is entitled.

Electronic Certified Copy

Respectfully submitted,

/s/ U.A. Lewis

U.A. Lewis

Texas Bar No. 24076511

The Lewis Law Group

P.O. Box 27353 Houston, TX 77227

T: (713) 570-6555

F:  (713) 581-1017

myattorneyatlaw@gmail.com

Lead Attorney for Plaintiff


/s/ Okwudili Onyekwelu

Okwudili Onyekwelu

Texas Bar No. 24110867

The Lewis Law Group

P.O. Box 27353

Houston, TX 77227

T: (713) 570-6555

F:  (713) 581-1017

oonyekwelu@thelewislaw.com

Attorney for Plaintiff


/s/ Damion Millington

Damion Millington

State Bar No. 24111178

The Lewis Law Group

P.O. Box 27353

Houston, TX 77227

T: (713) 570-6555

F:  (713) 581-1017

dmillington@thelewislaw.com

Attorney for Plaintiff

I, BEVERLEY MCGREW WALKER,  District Clerk of Fort Bend County, Texas, do  hereby  certify  that  the foregoing is  a  true,  correct  and  full  copy  of the instrument herein  set  out  as  appears  of record in the District Court  of Fort Bend  County, Texas.

This  6  day of   November   20 20

BEVERLEY MCGREW WALKER

By   Erica Rodriguez   Deputy

Erica Rodriguez

Electronic Certified Copy



Filed
10/2/2020 11:23 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Erica Rodriguez

**LEWIS LAW GROUP REQUEST FOR ISSUANCE OF SERVICE**

**CASE NUMBER:** <u>20-DCV-275212</u>     **CURRENT COURT:** <u>Fort Bend County - 434th Judicial District Court</u>

**Name(s) of Documents to be served:** <u>**Citation/ Petition**</u>

**FILE DATE:** <u>10/2/2020</u>     Month/Day/Year

**Issue Service to Defendant:** <u>Fort Bend County Precinct Three</u>

Address of Service: <u>22333 Grand Corner Drive, Suite 103,</u>

City, State & Zip: <u>Katy, TX 77494</u>

Agent (if applicable) <u>Constable Wayne Thompson</u>

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [✓] **Citation**     [ ] **Citation by Posting**     [ ] **Citation by Publication**     [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**     **Newspaper** <u>     </u>
- [ ] **Temporary Restraining Order**     [ ] **Precept**     [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**     [ ] **Capias** (not by E-Issuance)     [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**     [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**     [ ] **Hague Convention ($16.00)**     [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)     [ ] **Injunction**     [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** <u>     </u>

**(See additional Forms for Post Judgment Service)**

---

<mark>SERVICE BY E-Issuance by Clerk to **OFFICE@THELEWISLAW.COM**, *and*</mark>
- [ ] **ATTORNEY PICK-UP (phone)  713-570-6555**
- [ ] **MAIL to attorney at: 99 DETERING #104, HOUSTON, TEXAS 77007**
- [ ] **CONSTABLE**
- [✓] **CERTIFIED MAIL by District Clerk**
- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: <u>    </u>     Phone: <u>   </u>
- [ ] **OTHER,** *explain* <u>     </u>

---

**Issuance of Service Requested By:** Attorney: <u>**U.A. Lewis;**</u> Bar # :<u>**24076511**</u>

Mailing Address: <u>**99 DETERING #104, HOUSTON, TEXAS 77007**</u>

Phone Number: <u>**713-570-6555**</u>

I, BEVERLEY MCGREW WALKER,  District Clerk of Fort Bend County, Texas, do  hereby  certify  that  the  foregoing is  a  true,  correct  and  full  copy  of  the  instrument herein  set  out  as  appears  of  record  in  the  District Court  of  Fort  Bend  County,  Texas.
This <u>6</u> day of <u>November</u> 20 <u>20</u>

BEVERLEY MCGREW WALKER

By <u>*Erica Rodriguez*</u> Deputy
Erica Rodriguez



Filed
10/2/2020 11:23 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Erica Rodriguez

**LEWIS LAW GROUP REQUEST FOR ISSUANCE OF SERVICE**

**CASE NUMBER:** 20-DCV-275212          **CURRENT COURT:** Fort Bend County - 434th Judicial District Court

Name(s) of Documents to be served: **Citation/ Petition**

**FILE DATE:** 10/2/2020          Month/Day/Year

**Issue Service to Defendant:**   Fort Bend County

Address of Service: 401 Jackson Street,

City, State & Zip: Richmond, TX 77469

Agent (if applicable) KP George

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**      [ ] **Citation by Posting**      [ ] **Citation by Publication**      [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**      **Newspaper** _____
- [ ] **Temporary Restraining Order**      [ ] **Precept**      [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**      [ ] **Capias** (not by E-Issuance)      [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**      [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**      [ ] **Hague Convention ($16.00)**      [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)      [ ] **Injunction**      [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

==SERVICE BY E-Issuance by Clerk to **OFFICE@THELEWISLAW.COM**, *and*==
- [ ] **ATTORNEY PICK-UP (phone)  713-570-6555**
- [ ] **MAIL to attorney at: 99 DETERING #104, HOUSTON, TEXAS 77007**
- [ ] **CONSTABLE**
- [x] **CERTIFIED MAIL by District Clerk**
- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney: **U.A. Lewis;** Bar # :**24076511**

Mailing Address: **99 DETERING #104, HOUSTON, TEXAS 77007**

Phone Number: **713-570-6555**

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This 6 day of November 20 20

Electronic Certified Copy



BEVERLEY MCGREW WALKER

By  *Erica Rodriguez*   Deputy
   Erica Rodriguez

Filed
10/2/2020 11:23 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Erica Rodriguez

## LEWIS LAW GROUP REQUEST FOR ISSUANCE OF SERVICE

**CASE NUMBER:** 20-DCV-275212    **CURRENT COURT:** Fort Bend County - 434th Judicial District Court

**Name(s) of Documents to be served:** **Citation/ Petition**

**FILE DATE:** 10/2/2020    Month/Day/Year

**Issue Service to Defendant:** Constable Wayne Thompson

Address of Service: 22333 Grand Corner Drive, Suite 103,

City, State & Zip: Katy, Texas 77494

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    **Newspaper** _____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY E-Issuance by Clerk to OFFICE@THELEWISLAW.COM, _and_**
- [ ] **ATTORNEY PICK-UP (phone)  713-570-6555**
- [ ] **MAIL to attorney at: 99 DETERING #104, HOUSTON, TEXAS 77007**
- [ ] **CONSTABLE**
- [x] **CERTIFIED MAIL by District Clerk**
- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
- [ ] **OTHER,** _explain_ _____

**Issuance of Service Requested By:** Attorney: **U.A. Lewis;** Bar # :**24076511**

Mailing Address: **99 DETERING #104, HOUSTON, TEXAS 77007**

Phone Number: **713-570-6555**

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This 6 day of November 20 20

BEVERLEY MCGREW WALKER

By Erica Rodriguez Deputy
Erica Rodriguez

**Electronic Certified Copy**

Filed
11/2/2020 12:04 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Erica Rodriguez

## CAUSE NO. 20-DCV-275212

| | | |
|---|---|---|
| SHAUN LEE JR., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FORT BEND COUNTY, | § | 434th JUDICIAL DISTRICT COURT |
| FORT BEND PRECINCT THREE | § | |
| CONSTABLE WAYNE K. THOMPSON, | § | |
| AND DEPUTY JORDAN REYES, | § | |
| Defendant. | § | FORT BEND COUNTY, TEXAS |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, PLEA TO THE JURISIDCTION AND ANSWER FILED SUBJECT THERETO

**TO THE HONORABLE COURT:**

Defendants Fort Bend County (the "County"), Constable Wayne K. Thompson, individually and in his official capacity as Constable of Fort Bend County, Texas Precinct Three and file this motion to dismiss Plaintiff's Petition (the "Petition") for failure to state a claim upon which relief can be granted, Plea to the Jurisdiction and Answer filed subject thereto.

### I. MOTION TO DISMISS AND PLEA TO THE JURISDICTION

The Defendants seek dismissal of Plaintiff's claims because Plaintiff failed to state a claim upon which relief can be granted. To survive this motion, Plaintiff's petition must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to the 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The general rule that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions included in

**Electronic Certified Copy**



a plaintiff's complaint. *Ashcroft*, 556 U.S. at 678. Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, does not suffice. *Ashcroft*, 556 at 678 (citing

*Twombly*, 550 U.S. at 555).

**A.  QUALIFIED IMMUNITY DEFEATS PLAINTIFF' CLAIMS**

The County and the named FBC Defendants are being sued in their official capacity

Official-capacity suits generally represent another way of pleading an action against an entity of

which an officer is an agent. *Goodman v. Harris Cnty*., 571 F.3d 388, 395 (5th Cir. 2009). The

Petition also alleges that each of the named defendants is being sued in his/her individual capacity.

Individual-capacity suits seek to impose liability upon a governmental official as an individual.

**1.  Official Capacity**

A suit against the named FBC Defendants in their official capacity would not be

independently cognizable because such is a suit against the employing governmental entity. *See*

*Hafer v. Melo,* 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity

are not 'persons' for purposes of the suit because they assume the identity of the government that

employs them.") The Court should therefore dismiss all named FBC Defendants being sued in

their official capacity.

**2.  Individual Capacity**

The Court should dismiss the § 1983 claim against Constable Wayne K. Thompson,

individually and in his official capacity as Constable of Fort Bend County, Texas Precinct Three

in his individual capacity because Plaintiff does not allege sufficient specific facts to overcome his

qualified immunity and because Plaintiff does not allege facts sufficient to establish a violation of

a constitutional right by him.

**a.  The Defendants Invoke Qualified Immunity**

Electronic Certified Copy



Constable Thompson is entitled to qualified immunity from Plaintiff's § 1983 claims. The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). As a matter of public policy, this immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). A claim for qualified immunity requires the Court to engage in the well-established two-step analysis developed by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001). A plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Saucier* at *201.* Courts have discretion to decide which prong of the qualified-immunity analysis to address first. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009).

The burden is now on the Plaintiff to demonstrate the inapplicability of qualified immunity. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). Because qualified immunity constitutes an "immunity from suit rather than a mere defense to liability," it is intended to give government officials a right not merely to avoid standing trial, but also to avoid the burdens of "such pretrial matters as discovery . . . as 'inquiries of this kind can be peculiarly disruptive of effective government.'" *Id.* (citations omitted). Thus, adjudication of qualified immunity claims should occur "at the earliest possible stage in litigation." *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

Electronic Certified Copy



**b.  Plaintiff's Allegations are Inadequate to Defeat Qualified Immunity**

Plaintiff's conclusory allegations do not contain sufficient facts to demonstrate that he can overcome Constable Thompson's invocation of qualified immunity.

Conclusory statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Where, as here, the Court is considering the qualified immunity defense on a motion to dismiss, the Court must conclude "that the Plaintiff" pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LaBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.*

Plaintiff has failed to make out a valid Fourteenth Amendment claim against any Defendant.  While not required to plead detailed factual allegations, a Plaintiff is required to plead facts sufficient to give rise to a reasonable inference that the named defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The named Defendant is shielded from liability because the Complaint is inadequate as it merely tenders "naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). While the complaint alleges Fourteenth Amendment violations, it is insufficient to defeat the qualified immunity defense because Plaintiff does not allege facts sufficient to establish a violation of a constitutional right by Constable Thompson.

Electronic Certified Copy



**B.  § 1983 CLAIMS AGAINST CONSTABLE THOMPSON AND FORT BEND COUNTY SHOULD BE DISMISSED**

The Court should dismiss the § 1983 claims against Constable Thompson and the County because Plaintiff did not allege facts that would entitle them to relief against these defendants under § 1983.

**1.  The Complaint Does Not Allege Facts Sufficient to Constable Thompson Liable Under Section 1983 for Alleged Acts and Omissions of Others**

**a.  No Vicarious Liability**

Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). Constable Thompson cannot be held vicariously liable under § 1983 simply because he supervised Deputy Reyes.

**b.  No Supervisory Liability**

To state a claim for supervisory liability, Plaintiff must allege that "(1) the supervisor either failed to supervise or train the subordinate official; (2) there is a causal link between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman,* 571 F.3d at 395 (quoting *Smith v. Brenoettsy,* 158 F.3d 908, 911-12 (5th Cir. 1998)).  The petition lacks sufficient facts, accepted as true, to state a plausible claim against Constable Thompson.  Plaintiff's conclusory allegations do not rise to the requisite level of deliberate indifference because they do not "demonstrate a pattern or violations and the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Goodman*, 571 F.3d at 395 (quotation marks omitted).

Conclusory statements in a petition are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not

**Electronic Certified Copy**



adequate to prevent dismissal for failure to state a plausible claim for relief, and prompt dismissal

is appropriate as against Constable Thompson. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d

278, 284 (5th Cir. 1993).

### 2. The Complaint Does Not Allege Sufficient Facts to Hold the County Liable Under Section 1983

#### a. No Respondeat Superior Liability Against County

A governmental entity cannot be held liable under § 1983 unless the government has a

policy or custom that violated the plaintiff's civil rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 694 (1978). A municipality may not be held liable for its employees conduct pursuant to a

theory of respondeat superior under federal law; rather, the plaintiff has the burden of proving that

there was a constitutional deprivation and that municipal policy was the driving force behind the

constitutional deprivation. *Monell,* 436 U.S. at 691. Isolated unconstitutional actions by

governmental employees will almost never trigger liability. *Piotrowski v. City of Houston*, 237

F.3d 567, 579 (5th Cir. 2001) (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir.

1984)). Assertion of a claim based upon existence of an official policy or custom requires a

plaintiff to plead facts which show that: (1) a policy or custom existed; (2) the governmental

policymakers actually or constructively know of its existence; (3) a constitutional violation

occurred; and (4) the custom or policy served as the moving force behind the violation.

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996). While

"[o]fficial policy is ordinarily contained in duly promulgated policy statements, ordinances or

regulations," it "may also be evidenced by custom." *Piotrowski* at 578. In order for municipal

liability to attach, there must be a conscious decision by the County to violate the Constitution.

*Gonzalez v. Ysleta Independent School* District, 996 F.2d 745, 759 (5th Cir. 1993). Furthermore,

"the description of a policy or custom and its relationship to the underlying constitutional violation

Electronic Certified Copy

. . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). A plaintiff is required to plead sufficient facts to put a defendant on notice of the grounds of the claim. *Kaplan v. City of Arlington*, 184 F.Supp.2d 553, 557-58 (N.D. Tex. 2002).

### Plaintiff Does Not Allege a Specific Policy or Custom

Plaintiff does not identify any specific official policy, practice or custom implemented by the County that was the moving force behind Plaintiff's alleged injuries. Instead, the petition contains conjecture and unsupported conclusions.

### No Policy Allegation

The Petition does not satisfy Plaintiff's pleading requirement. There are no factual allegations about a specific policy, and no allegations of facts that would connect specific policy flaws to a constitutional violation. Plaintiff does not sufficiently allege facts of a persistent and widespread practice rising to the level of a municipal policy. Plaintiff's conclusory allegations do not demonstrate the requisite pattern and practice necessary for County liability, therefore, Plaintiff' claims should be dismissed.

### No Custom Allegation

In the absence of a facially unconstitutional policy, municipal liability under § 1983 cannot arise from a custom having the force of official policy unless the municipal policymakers were deliberately indifferent to the "known or obvious consequences that constitutional violations would result" from the custom. *Piotrowski*, 237 F.3d 579.

The Petition allegations about custom are conclusory and implausible. Custom is "[a] persistent, widespread practice of city officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom

**Electronic Certified Copy**



that fairly represents municipal policy." *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir.

1984). "Actions of officers or employees of a municipality do not render the municipality liable

under § 1983 unless they execute official policy as above defined." *Id.*

b.     **No County Liability for Failure to Train**

In a § 1983 claim for failure to supervise or train, a plaintiff must show that: "(1) the

supervisor either failed to supervise or train the subordinate official; (2) a causal link exists

between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure

to train or supervise amounts to deliberate indifference. *Goodman,* 571 F.3d at 395 (quoting *Smith*

*v. Brenoettsy,* 158 F.3d 908, 911-12 (5th Cir. 1998). A "pattern of similar constitutional violations

by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for

purposes of failure to train" or supervise. *Connick v. Thomspon*, 563 U.S. 51, 62 (2011). "Without

notice that a course of training is deficient in a particular respect, decision makers can hardly be

said to have deliberately chosen a training program that will cause violations of constitutional

rights." *Id.*   The petition does not allege a sufficient pattern here.

The Supreme Court has acknowledged that "in a narrow range of circumstances, a pattern

of similar violations might not be necessary to show deliberate indifference." *Id*. at 63 (quoting

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997) (internal quotation marks

omitted).   The Supreme Court's hypothetical for "single-incident liability" was posed in *City of*

*Canton v. Harris*, 489 U.S. 378 (1989), in which a city would arm its police force with firearms

and employ the officers to capture fleeing felons without training the officers "in the constitutional

limitation on the use of deadly force." *Id.* (citing *Canton*, 489 U.S. at 390, n. 10).   In such an

instance, "[g]iven the known frequency with which police attempt to arrest fleeing felons and the

predictability that an officer lacking specific tools to handle that situation will violate citizens'

Electronic Certified Copy



rights, . . . the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Id.* at 63–64 (quoting *Bryan Cnty.*, 520 U.S. at 409) (internal quotation marks omitted).

Plaintiff's petition does not allege that a County policy or lack of a policy meets this "narrow range of *Canton's* hypothesized single-incident liability." *Id.* at 64.  Additionally, the Fifth Circuit has "stressed that a single incident is usually insufficient to demonstrate deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).  Accordingly, the Court should dismiss Plaintiff's § 1983 claims for failure to plead the requisite pattern sufficient to meet the stringent standard required for deliberate indifference.

### C. GOVERNMENTAL IMMUNITY BARS ALLEGED STATE CLAIMS

A governmental unit, absent a clearly expressed statutory or constitutional waiver of same, is entitled to governmental immunity from suit for all state law claims alleged against it. *See City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998). The Texas Tort Claims Act *does not* provide a waiver of immunity in this case. The Plaintiff does not claim that his injuries: (1) "arise[] from the operation or use of a motor-driven vehicle or motor driven equipment;" or are (2) "caused by a condition or use of tangible personal or real property;" *See Tex. Civ. Prac. & Rem. Code* §§ 101.021(1) and (2).

The same immunity bars claims against the individual defendants. Plaintiff's civil rights claims are dependent on the fact that these named defendants were acting in the course of their duties as peace officers. Therefore, Plaintiff's state intentional tort claims against these named defendants are barred by the derivative governmental immunity provided by Section 101.106(f) of the Texas Civil Practice & Remedies Code. *See Tipps v. McCraw*, 945 F. Supp. 2d 761, 768 (W.D. Tex. 2013).

**The Court May Dismiss All Pendent State Law Claims**

Electronic Certified Copy



Plaintiff's pendent state-law claims should be dismissed as a matter of discretion. Supplemental jurisdiction over state-law claims is a "doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

If the Court dismisses the federal claims, the factors of judicial economy, convenience, fairness, and comity suggest that it ought to decline jurisdiction over the remaining state-law claims against the Defendants. *See* 28 U.S.C. 1367(c)(3). Therefore, the Court should dismiss Plaintiff's state law claims without prejudice.

### D.  DAMAGES

Finally, Plaintiff plead punitive damages against FBC Defendants. [Compl. ¶ 161-164]. Dismissal of these damages is required as to Fort Bend County because it is exempt from punitive damages for the federal claims pled in the Complaint, and for the claims that may be construed as state law claims. Tex. Civ. Prac. & Rem. Code §§ 101.024 (The Tort Claims Act "does not authorize exemplary damages"); *City of Newport v. Fact Concerts Inc.*, 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) (punitive damages not allowed against a municipality in a § 1983 action). *Barnes v. Gorman*, 536 U.S. 181, 189, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002) (punitive damages not allowed under the ADA or Rehabilitation Act). Therefore, Plaintiff' claim for punitive damages against Fort Bend County should be dismissed.

**Original Answer filed subject to Motion to Dismiss and Plea to the Jurisdiction.**

Electronic Certified Copy



TO THE HONORABLE JUDGE OF SAID COURT:

Subject to their Motion to Dismiss for Failure to State a Claim and their Plea to the Jurisdiction, Defendants Constable Wayne Thompson and Fort Bend County plead Sovereign Immunity, Qualified Immunity, and the protection of Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendants Constable Wayne Thompson and Fort Bend County generally deny the material allegations of Plaintiff's Petition.

<strong>PRAYER</strong>

Defendants Constable Wayne Thompson individually and in his official capacity and Fort Bend County pray that Plaintiff's lawsuit be dismissed as requested for failure to state a claim and for such other and further relief to which they have shown themselves to be justly entitled.

Respectfully submitted,

*/s/  Kevin T. Hedges*
KEVIN T. HEDGES
SBN: 09370100
Assistant County Attorney
401 Jackson, 3rd Floor
Richmond, Texas  77469
Telephone:  281-341-4555
Facsimile: 281-341-4557
Kevin.Hedges@fortbendcountytx.gov

ATTORNEY FOR DEFENDANTS WAYNE THOMPSON, INDIVIDUALLY AND AS FORT BEND COUNTY PCT.3 CONSTABLE AND FORT BEND COUNTY

Electronic Certified Copy



**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, that the foregoing document and the proposed order were served on all counsel of record via E-Filing.

U.A. Lewis
The Lewis Law Group
P.O. Box 27353
Houston, TX  77227
myattorneyatlaw@gmail.com


Okwudili Onyekwelu
The Lewis Law Group
P.O. Box 27353
Houston, TX  77227
oonyekwelu@thelewislaw.com


Damion Millington
The Lewis Law Group
P.O. Box 27353
Houston, TX  77227
dmillington@thelewislaw.com


/s/ Kevin Hedges
KEVIN HEDGES

I, BEVERLEY MCGREW WALKER, **District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.**

This 6 day of November 20 20

**BEVERLEY MCGREW WALKER**

By *Erica Rodriguez* Deputy
Erica Rodriguez

**Electronic Certified Copy**

12

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via E-file or Electronic Mail, this the 9th day of November, 2020.


*/s/ Kevin T. Hedges*
Kevin T. Hedges